IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

JESSICA TULL,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

No. 10cv2029 EJM

ORDER

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for supplemental security income benefits. The briefing schedule concluded on January 7, 2011. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Claiming an onset date of July 1, 2006 (with an application date of January 18, 2007), plaintiff alleges disability due to bipolar disorder and anxiety. She asserts that the Administrative Law Judge (ALJ) erred in failing to give adequate weight to the opinion of treating physician Aagesen, failed to properly set forth her limitations in a hypothetical question posed to a vocational expert, and failed to develop the record. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence

in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff's bipolar disorder and social anxiety disorder were severe impairments, but further found plaintiff retained the ability to perform substantial gainful activity. Upon review of the record, it is the court's view that the ALJ permissibly discounted the views of Dr. Aagesen for the reasons set for in her decision, T. 23-27, permissibly set forth those limitations properly found credible in the hypothetical question posed to the vocational expert, T. 28, 63-68, and did not fail to properly develop the record including as to the legibility of certain records, or further clarification or consultation.

Upon the foregoing, and without minimizing the seriousness of plaintiff's impairments, the court finds the ALJ's decision is supported by substantial evidence on the record as a whole.

It is therefore

ORDERED

Affirmed.

June 13, 2011.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT